[The following dissenting opinion, in the Court of Errors, of his Honor Chancellor Wabduaw, in the case of Buist vs. Dawes, was not furnished the reporter in time to be inserted in its proper place:]
WARDLAw, Ch.
I dissent from the opinion of the majority on the only question decided by this Court, as to the quantity of the estate taken by James Boone Perry in the land devised to him by the will of Edward Tonge. On this point I adopt the conclusion of Chancellor DaegAN, that Perry took a fee conditional at the common law, and I consider it superfluous to add to the Chancellor’s reasoning, except a single observation for the sake of my own consistency. McLure vs. Young may be considered within the exception to the rule in Shelly's case established by Archer’s case, as interpreted in our case of Myers vs. Anderson.
A second question was referred to this Court by the Court of Appeals in Equity, namely, whether there can be a valid limitation by way of executory devise upon a fee conditional ? If there can be such limitation by executory devise, it is immaterial to the determination of this particular case whether J. B. Perry took a life estate or a fee conditional, as the testator prescribed that the ultimate devise over should take effect, if at all, at the termination of lives in being at the date of the will. On this second question some remarks will be made.
*497 In considering this question, we must keep separate the doctrines applicable to a strict remainder and to an executory devise. A remainder is defined to be a remnant of an estate in lands or tenements, expectant on a particular estate, created together with the same at one time. Co. Lett. 143, a. It follows from this definition that where a fee is first limited there is no remnant of the estate which can be limited over. A fee cannot be limited on a fee as a direct remainder. Thus, if lands are limited to one and his heirs, and if he dies without heirs to another, the latter limitation is void. So, if lands are given to one and his heirs so long as J. S. has issue, and after the death of J. S. without issue to remain over to another, this remainder is likewise void, because the first devisee had a fee, though it was a base and determinable fee. So, anciently, before the recognition of executory devises after a fee simple, 'where one devised lands to the prior and convent of D. so that they paid annually to-the D.ean and Chapter of St. Paul’s, fourteen marks, and if they failed of payment that their estate should cease, and that the said Dean and Chapter and their successors should have it; it was held that this limitation over was void, because as the first devise carried a fee, nothing remained to be disposed of. Dyer, 33, a; 1 Eq. Ca. Ab. 186, pi. 3; Eearne, 373. This last case was decided in the reign of ELenTy VIII., in the interval between the statute of uses and the statute of wills ; to the combined operation of which statutes the establishment of executory devises is generally attributed. Lewis on Perp. 75. Yet, in a will, such limitations over, as are above mentioned, are good by way of executory devise, if dependant upon a contingency which must happen, if it happen at all, within lives in being at the time of the donation and twenty-one years, and one, or in rare cases, two periods of gestation afterwards. An executory devise has been defined to be a limitation by will of a future estate or interest in land, which cannot, consistently with the rules of law, take effect as a remainder. 1 Jarm. on Wills, 778. Without describing all the classes of limitations operative by executory devise where by law they cannot take effect as re *498 mainders, it is sufficient to mention, that by executory devise a fee may be limited upon a fee within the foregoing rule against perpetuities. No rule, however, is more clearly settled than this: that no limitation of a contingent estate shall be effectual as an executory devise, if it can possibly take effect as a remainder. That any particular limitation may operate as an executory devise, there must be a necessity for such operation in order to its taking effect at all, and an impossibility of its taking effect. as a remainder under the rules of common law. -But no limitation after or upon a fee, although it be a base or conditional fee, can operate effectively as a remainder ; and such limitation by will, if it have any effect, must operate by way of executory devise. This is the established doctrine as to conditional fees, notwithstanding some early doubts to the contrary, both in England and in South Carolina. Co. Litt. 13, a; Bail. Eq. 48.
It has never been doubted since the introduction of executory devises, that a fee could be limited by executory devise upon a fee simple absolute, where there was no objection on the score of remoteness ; and it is difficult to find any reason why the same doctrine should not be applied to a fee simple conditional. We have seen that both these classes of fees exhaust the estate, so that no remnant exists for the subject of a remainder ; and both equally need the benignant aid of Courts in the interpretation of wills, in giving effect to executory devises. If a fee simple conditional be a less estate than a fee simple absolute, and yet not so reduced as to be a particular estate of freehold, which admits a remainder, there seems to be stronger reason why Courts should recognize the jus disponendi of testators in' creating limitations over upon this estate. Littleton says : “ a man cannot have a more large or greater estate of inheritance than a fee simple and Lord Coke, commenting thereupon, says: “ this doth extend as well to fees simple conditional and qualified, as to fees simple pure and absolute. For our author speaks of the ampleness and greatness of the estate, and not of the perdurableness of the same; and he that hath a fee simple conditional or qualified, hath *499 as ample and great an estate, a!s he that hath a fee simple absolute ; so as the diversity appeareth between the quantity and quality of the estate.” Co. Litt. 18, a. The prominent distinction between these two classes of fees simple, is in the description of the heirs to which the estates respectively descend; one to the heirs general, and the other to particular heirs, of the body generally, or restricted as to sex, and as to the body that shall bear them. This of course aifects the duration of the estate in the donee, and the reverter to the donor, but both are estates in fee simple of the same quantity. All the rules applying to estates in fee are equally applicable to the estate of fee conditional, as to its creation and limitation and the time of its continuance under the limitation, with the exception of the order of its descent and the right by alienation to bar the donor. 2 Prest, on Est. 320. A gift in fee conditional vests no right in the heirs of the body of the donee beyond what is common to other heirs under any form of gift. The person to whom the gift is made is tenant in fee, and as such he has the power of alienation in right of that estate immediately after it is conveyed to him; and his conveyance will estop his issue subsequently born, although it may not defeat the reverter of the donor if the condition of having issue be not performed. 2 Prest. Est. 304; Bac. Ab. Est. Tail. An estate in fee conditional is not, as was supposed in the 'argument, an estate for life in the first taker, capable- of being enlarged if issue be born to him, but it is an estate in fee in the first taker, defeasible upon the non-performance of a condition subsequent, that issue be born to him. 2 Co. Inst. 333. A fee conditional during its continuance is the entire fee simple estate. Adams vs. Chaplin, 1 Hill, Ch. 278, and is ,as fit a subject for executory devise as a fee absolute.
The statute de donis conditionalibus, 13 Ed. I. C. 1, which converted fees conditional into estates tail, is not of force in South Carolina, and the estate of fee conditional at the common law has been recognized as existing here by many of our cases. In England, since the statute, an estate tail is regarded by the Courts *500 no.t as a full fee, but as a particular estate of freehold which is capa.ble of supporting a remainder. A fee conditional with us will be a most anomalous estate, if we hold it to be incapable as a particular estate of supporting a remainder, and yet exhausting the fee so as to leave no remnant for a remainder ; and in both aspects not the subject of executory devise- — -a fee and not a fee.
In Adams vs. Chaplin, and some other of our cases, the right which abides in the donor and his heirs after a gift in fee conditional, is treated as a mere possibility of reverter, which cannot be devised. This doctrine of course assumes that a fee conditional is the whole estate ; for contingent and executory estates, even a possibility clothed with an interest, are devisable. Selwyn vs. Selwyn, 2 Bur. 1131; Moor vs. Hawkins, 2 Eden. 342; Roe vs. Jones, 3 T. R. 88; 1 Ves. jun. 251; 7 Ves. 300; 17 Ves. 173; 4 Kent, 511. In England,, a reversion after an estate tail' may be devised. Badger vs. Lloyd, 1 Salk. 232; Sanford vs. Irby, 3 B. & A. 654; 8 Ves. 256; but there an estate tail is a particular estate of freehold capable of supporting a remainder, and the reversion is more than a possibility. The English statutes of wills, 32 and 34 Henry YIIL, authorize those persons only to devise who have an interest or estate in. fee simple; our Act of 1789 gives the power to-any person not under disability, “ having right or title to any lands, tenements, or hereditaments whatsoever.” 5 Stat. 106.
Upon the general question we are considering, we find hardly any thing as authority in the English cases. The statute de donis, so early as A. D. 1285, converted fees conditional in freeholds into fees tail; and the estate of fee conditional has not existed in England for nearly six centuries, except in copy-holds, (which are not within the statute,) in some few manors where, by custom, copy-holds cannot be entailed. The only case cited to us in the argument is one first heard in the Common Pleas'under the name of Doe d. Simpson vs. Simpson, 4 Bing. N. C. 333 (33 Eng. C. L. R. 373,) and afterwards in the Court of Exchequer Chamber under the name of Doe d. Blesard vs. Simpson, 3 M. & G. 929, *501 (42 Eng. C. L. R. 483.) In tbis case, it was held, that a demise of copy-bold lands, in a manor where there was no custom of entail, to J.' S. and bis heirs, but if J. S. should die without leaving any child or children to M. B. and her heirs, passed a fee simple conditional to J. S. — that{child or children’ were used in the sense of ‘ issue ’ generally — that copy-holds being real estate, the term leaving under the distinction established in Forth vs. Chapman, 1 P. Wms. 663, and recognized in Mazyck vs. Vanderhorst, Bail. Eq. 48, was insufficient to restrict the contingency of J. S. dying without children, or its synoniine issue, to issue living at the time of his death, and that no remainder could be limited upon a fee conditional, and that the executory devise was too remote. Throughout the arguments and decisions, it was assumed and conceded, that an executory .devise upon a fee conditional was liable to no -objection peculiar to the estate, and was like every executory devise upon a fee, to be considered only with reference to the fact of remoteness. It may be remarked, too, that a fee conditional was implied in this case in the1 absence of technical words.
We have dicta but no authoritative 'decision in South Carolina upon the point in question. In Mazyck vs. Vanderhorst, Bail. Eq. 48, it was held that a fee conditional could not support a remainder, and that a limitation over upon the determination of that estate by efflux or natural expiry, was void by reason of remoteness as an executory devise. The ruling in Forth vs. Chapman was adopted, that the word ‘ leaving ’ would not as to real estate restrict failure of issue, othetwise indefinite, to the time of the death of the first taker. The whole discussion upon the case assumed, that there might be an executory devise upon a fee conditional, and the only dispute was whether the words of the will created an executory devise which must take effect within the time limited by the rule against perpetuities. The case is quoted in Adams vs. Chaplin, 1 Hill, Ch. 280, and is thus interpreted by Judge O’Neall : “ an executory devise over after a fee conditional, is too remote, and cannot take effect, unless it be accompa *502 nied by such words as will restrict the failure of the heirs of the body, to a dying without leaving issue at the death of the first taker.” Again, in Bedon vs. Bedon, 2 Bail. 248, Judge O’Neall says : “ if the estate of S. B. he construed a fee conditional, the estate in remainder to R. B. cannot take eífect as a contingent remainder ; for it would be a fee mounted on a fee, therefore void. It could not operate as an executory devise, for if the devisee took an estate in fee conditional, the limitation would be after an indefinite failure of issue capable of taking.pgr formam doni.” This is sound doctrine. A limitation by will to take effect, upon the natural efflux of a fee conditional is necessarily after an indefinite failure of issue and void for remoteness ; but if the objection of remoteness can be escaped, this estate, as other fees, admits of devises over. It may be remarked in passing, that it was properly argued in Bedon vs. Bedon, as it was determined in Simpson vs. Simpson, that the same words in the devise over could not perform the double office of implying a fee conditional and creating an executory devise.* In Edwards vs. Barksdale, 2 Hill, Ch. 197, the same eminent Judge remarks : “I hold there can be no such thing as a fee conditional where there is a good executory devise over. When the limitation is within a life or lives in being or twenty-one years after, it cuts down and destroys the effect of a previous devise to one and the heirs of his body, by showing that the testator did not look to an indefinite succession, and that he did not intend his devisee to have all the incidents of the common law estate of fee conditional, such as the power to alien or encumber the estate,” &c. “ This is the only means of reconciling tAvo rules of law: 1. That a limitation over after a fee conditional is void; 2. that a limitation over which is to take effect within a life or lives in being is good.” In general this is a good exposition of doctrine, but the fault in the reasoning, as it seems to me, is in supposing tha.t a restriction of the power of alienation in the first tenant existing upon, or subject to the performance of, the condition of having issue, destroys the fee conditional. I suppose that this error is the foundation of *503 the learned Judge’s repugnance to the implication of fees conditional, in contempt of English authority. There is no reason why the qualified power of a tenant in fee conditional to alien the estate, dependant upon the birth of issue, may not be restricted by executory devise, which does not extend to a tenant in fee simple absolute having a general power of alienation, subject to an executory devise. The alienation of a tenant in fee simple absolute, with a devise over if he die without issue living at his death, is necessarily determined at his death without, issue then living ; and under like circumstances the alienation of the tenant in fee conditional would be determined. A tenant in fee simple absolute has a general power of alienation which may be restrained by executory devise ; a tenant in fee conditional has a power of alienation subject to the performance of the condition of having issue, which may be likewise so restrained by executory devise. The power of alienation is no more an inseparable incident of one of these fees than of the other. One of the most characteristic differences between a contingent remainder and an execu-tory devise, is, that the former may be barred, or prevented from effect by common recovery or other means adopted by the first tenant; whereas an executory devise cannot be prevented or destroyed by any alteration of the estate upon which it is limited. Fearne, 418. But I do not understand the argument, which deduces from this proposition any difference, as to the point in question, between fees absolute and conditional. The indestructibility of the devise over, applicable to both estates, is an indifferent circumstance in a question as to the capacity of either estate to support a devise over.
In Whitworth vs. Stuckey, 1 Rich. Eq. 411, Chancellor HARPER treats an executory devise upon a fee conditional as dependent for its validity upon the question of remoteness. I refer to Chancellor JOHNSTON'S circuit opinion in Hay vs. Hay as a judicious explanation of Whitworth vs. Stuckey.
Without further pursuing the inquiry, I announce my conclusion, that, upon principle and authority, an executory devise may *504 be limited upon a fee simple conditional, if witbin the time fixed-by the rule against perpetuities.
JOHNSTON, Ch. and EvaNS, J. concurred.
Wardraw, J. I concur in so much of Chancellor Wardlaw’s opinion as holds, that an executory devise of real estate may be engrafted on a direct devise in fee conditional.